United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN BRUNO MOUNTAIN WATCH,

Plaintiff,

v.

U.S. FISH & WILDLIFE SERVICE,

Defendant.

_______________________________/

No. C 00-2485 PJH

**ORDER**

The court is in receipt of letter briefs recently filed by the parties in the above-entitled action. Having considered the parties' arguments and the relevant legal authority, the court now rules as follows.

This case was settled pursuant to a consent decree and final judgment filed on January 6, 2003. Plaintiff San Bruno Mountain Watch ("Mountain Watch") filed a motion to enforce the judgment on February 27, 2006, but withdrew the motion on April 20, 2006. Mountain Watch claims that it is entitled to attorneys' fees in connection with the motion to enforce the judgment.

On August 14, 2006, Mountain Watch served defendant U.S. Fish & Wildlife Service ("FWS") with discovery requests. FWS objects to the discovery, arguing that because the consent judgment contained no reservation of jurisdiction, the court lacked jurisdiction over the motion to enforce the judgment at the time it was filed, and still lacks jurisdiction over the case. FWS also seeks leave to file a motion for a protective order.

Mountain Watch contends that the court must enforce the consent decree in

United States District Court
For the Northern District of California

accordance with the intent of the parties, and asserts that the plain language of the consent judgment demonstrates that it was the parties' intent to grant the court continuing jurisdiction. Mountain Watch also argues that under Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375 (1994), the court retains jurisdiction to enforce the consent judgment, and has "ancillary jurisdiction" over any potential motion for attorneys' fees for such enforcement.

In Kokkonen, the parties in a diversity action entered into a settlement agreement which they orally placed on the record. 511 U.S. at 376. The parties then stipulated to a dismissal with prejudice. Id. at 377. The stipulation and order did not reserve jurisdiction in the district court and did not refer to the settlement agreement. Id. When one of the parties moved to enforce the agreement, the other party argued that the district court lacked subject matter jurisdiction. The Supreme Court agreed. Id.

The Court noted that "[f]ederal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute . . . which is not to be expanded by judicial decree." Id. (citations omitted). The Court held that federal courts do not have inherent or ancillary jurisdiction to enforce a settlement agreement simply because the subject of that agreement was a federal lawsuit. When the initial action terminates, federal jurisdiction terminates.

The Court explained that "[e]nforcement of . . . [a] settlement agreement, . . . whether through award of damages or decree of specific performance, is more than just a continuation or renewal of the dismissed suit, and hence requires its own basis for jurisdiction." Id. at 378. The mere existence of an "agreement that has as part of its consideration the dismissal of a case before a federal court," id. at 380, without more, is not a sufficient basis for a federal court's jurisdiction. In the case before it, the Court found no independent basis for the district court to exercise subject matter jurisdiction to enforce the settlement agreement at issue.

In doing so, however, the Court articulated circumstances where the district court would have subject matter jurisdiction:

> The situation would be quite different if the parties' obligation to comply with the terms of the settlement agreement had been made part of the order of dismissal – either by separate provision (such as a provision "retaining jurisdiction" over the settlement agreement) or by incorporating the terms of the settlement agreement in the order. In that event, a breach of the agreement would be a violation of the order, and ancillary jurisdiction to enforce the agreement therefore would exist.

Id. at 381. The Court emphasized that absent the parties' expression of their desire to provide for the court's enforcement of a settlement agreement, "enforcement of the settlement agreement is for state courts, unless there is some independent basis for federal jurisdiction." Id. at 382

In O'Connor v. Colvin, 70 F.3d 530 (9th Cir. 1995), the Ninth Circuit elaborated on Kokkonen: "The settlement terms must be part of the dismissal in order for violation of the settlement agreement to amount to a violation of the court's order. Without a violation of the court's order, there is no jurisdiction." Id. at 532; see also Hagestad v. Tragesser, 49 F.3d 1430, 1433 (9th Cir. 1995). In Linebarger v. United States, 927 F.Supp. 1280 (N.D. Cal. 1996), the court found that "the order of dismissal plainly set[ ] forth the obligations of the parties under the settlement agreement" and that the terms "were incorporated as part of the dismissal order." The court concluded that it therefore "retain[ed] jurisdiction to enforce the terms of the settlement agreement." Id. at 1281-82.

In the present case, the consent judgment does not contain an express provision – which, the court notes, is routinely found in such documents – retaining this court's jurisdiction over the agreement. Nor do the paragraphs referenced by Mountain Watch reflect the intent of the parties to include such a provision.

The court finds, however, that the parties did incorporate all of the terms of their settlement into the consent judgment, which is an order of the court. The consent judgment, which is also a "final judgment," states in the preamble that "this Consent Judgment is intended to resolve all Claims Plaintiff has alleged in this matter . . ." and that "the parties do hereby consent to the entry of judgment." The parties agreed further that "[t]his Judgment constitutes the final, complete and exclusive agreement and understanding among the parties thereto with respect to the matters addressed herein,"

and that "[t]here are no representations, agreements, or understandings relating to this Judgment other than those expressly contained herein."

Thus, under the rule articulated in Kokkenen, the court finds that it has ancillary jurisdiction to enforce the consent decree, and that it had jurisdiction over the case when Mountain Watch filed its motion to enforce the consent decree.

However, the court finds no basis for an award of attorneys' fees. The American Rule generally provides that absent statute or enforceable contract, litigants pay their own attorneys' fees. See Alyeska Pipeline Serv. Co. v. Wilderness Soc'y, 421 U.S. 240, 247 1975); Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res., 532 U.S. 598, 602 (2001). Here, the settlement provided for payment of a total of $130,000 in attorneys' fees, but that payment was in connection with settling the merits of the lawsuit. There is no provision in the settlement for payment of fees in an action for enforcement of the consent judgment. Nor is the court aware of any statutory authorization for payment of attorneys' fees for such enforcement.

In the absence of any basis for an award of attorneys' fees, the court finds that Mountain Watch is not entitled to discovery. Thus, FWS need not respond to Mountain Watch's discovery requests. If Mountain Watch is aware of some basis for awarding the fees that it seeks, it may file a formal motion seeking an order re entitlement to fees. If an entitlement to fees is found to exist, Mountain Watch's entitlement for discovery will be determined by the court. Any such motion must be filed no later than October 30, 2006, the opposition shall be filed no later than November 13, 2006, and the reply shall be filed no later than November 20, 2006. The court will rule on the papers.

**IT IS SO ORDERED.**

Dated: September 29, 2006

PHYLLIS J. HAMILTON
United States District Judge