UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN BRUNO MOUNTAIN WATCH,

    Plaintiff,

    v.

U.S. FISH & WILDLIFE SERVICE,

    Defendant.

_____/

No. C 00-2485 PJH

**ORDER FINDING NO ENTITLEMENT TO FURTHER ATTORNEY'S FEES**

Before the court is plaintiff's motion seeking an order allowing it to recover attorney's fees and costs. Having read the parties' papers and carefully considered their arguments and the relevant legal authority, and good cause appearing, the court hereby DENIES the motion.

**BACKGROUND**

Plaintiff San Bruno Mountain Watch ("Mountain Watch") filed this action on July 11, in 2000, seeking an order requiring defendant U.S. Fish & Wildlife Service ("FWS") to reinitiate consultation under § 7(a)(2) of the Endangered Species Act ("ESA"), 16 U.S.C. § 1536(a)(2), on the effect of the San Bruno Mountain Incidental Take Permit ("ITP") on the Callippe Silverspot butterfly, the Mission Blue butterfly, and the San Bruno Elfin butterfly.

Through the ESA § 7 consultation process, FWS evaluates whether a proposed

agency action may affect listed species, and, in some cases, provides a biological opinion and determination whether the action will jeopardize the continued existence of the species.

The case was settled pursuant to a consent decree and final judgment filed on January 6, 2003. Pursuant to the consent judgment, FWS agreed to reinitiate consultation on the San Bruno Mountain Habitat Conservation Plan ("HCP") and the ITP; report on the consultation process; publish a biological opinion regarding such consultation, if appropriate, and provide copies of any such biological opinion; and pay Mountain Watch $130,000 in attorney's fees. Consent Judgment ¶¶ 1-4.

The consent judgment stated in the preamble that it was "intended to resolve all [c]laims [p]laintiff has alleged in this matter." Of significance to the present motion, the consent judgment provided that

> [p]laintiff agrees to dismiss its Complaint without prejudice at the time this judgment is entered. Plaintiff agrees to dismiss Count One of the Complaint with prejudice at the time Defendant fully complies with paragraphs 1 and 4 above. Plaintiff covenants that it will not file against FWS any ESA § 7(a)(2) or ESA § 10 challenge until the consultation referenced in paragraph 1 above is completed or no sooner than thirty months from the time this Judgment is entered, whichever is earliest. Plaintiff reserves its rights (A) to enforce this Judgment and (b) to bring any other action not otherwise prohibited herein, including a challenge to the consultation referenced in paragraph 1 above once such formal consultation is completed, by filing a separate lawsuit.

Consent Judgment ¶ 6.

On June 13, 2006, Mountain Watch wrote to FWS asserting that the agency had not performed its obligations under the consent judgment, based on the fact that it had not completed consultation and would not do so by July 7, 2005. Mountain Watch requested that the parties meet and confer in an effort to resolve their differences. On June 28, 2005, FWS wrote Mountain Watch and explained the status of the consultation process. On July 6, 2005, Mountain Watch and FWS met and conferred, and subsequent to that meeting continued to telephone and write in an effort to resolve their differences.

On February 27, 2006, Mountain Watch filed a motion to enforce the judgment, seeking an order requiring FWS to complete the ESA § 7(a)(2) consultation within 120

2

days, and to issue a biological opinion, if appropriate. FWS filed an opposition to the motion, arguing that Mountain Watch's interpretation of the consent judgment was not supported by the plain text of the consent judgment, and asserting that the consultation process was well underway and that a revised biological opinion would likely be issued in April 2006. FWS subsequently completed the consultation, and Mountain Watch withdrew its motion on April 20, 2006, six days before the scheduled hearing date.

Mountain Watch then requested that FWS pay Mountain Watch's reasonable attorney's fees for its actions in "monitoring" and "enforcing" the consent judgment. When FWS refused this request, Mountain Watch served FWS with discovery seeking to explore FWS's contentions regarding what prompted it to complete the consultation and issue the biological opinion.

FWS objected to the discovery requests and sought leave to file a motion for a protective order, arguing that the court lacked jurisdiction over Mountain Watch's previous motion to enforce the consent judgment, and still lacked jurisdiction. The parties submitted letter briefs on the question of the court's continuing jurisdiction over enforcement of the consent decree, and the question whether Mountain Watch was entitled to discovery on issues related to its proposed motion for attorney's fees.

On September 29, 2006, the court issued an order finding that under <u>Kokkonen v. Guardian Life Ins. Co. of America</u>, 511 U.S. 375 (1994), it retained jurisdiction to enforce the consent judgment, based on the fact that the consent judgment incorporated all the terms of the parties' settlement. The court found no basis for an award of attorney's fees beyond the $130,000 provided for in the consent judgment, however, and concluded that Mountain Watch was therefore not entitled to discovery. Nevertheless, the court indicated that if Mountain Watch were aware of some basis for awarding fees, it could file a formal motion. Mountain Watch subsequently filed the present motion.

**DISCUSSION**

A.  Legal Standard

The American Rule generally provides that absent statutory authority or an

3

enforceable contract, litigants pay their own attorney's fees. Alyeska Pipeline Serv. Co. v. Wilderness Soc'y, 421 U.S. 240, 247 (1975); Buckhannon Bd. & Care Home, Inc. v. W.Va. Dep't of Health & Human Res., 532 U.S. 598, 602 (2001).

In cases brought under the ESA, the court "may award costs of litigation (including reasonable attorney and expert witness fees) to any party, whenever the court determines such award is appropriate." 16 U.S.C. § 1540(g)(4). The Supreme Court has ruled that time reasonably spent enforcing or monitoring consent decrees is compensable. See Pennsylvania v. Delaware Valley Citizens' Council for Clean Air, 478 U.S. 546, 558-61 (1986) (case brought under the Clean Air Act, 42 U.S.C. § 7410).

B.   Plaintiff's Motion

Mountain Watch argues that it is entitled to attorney's fees under the ESA for reasonable time spent monitoring and enforcing the consent judgment. Mountain Watch claims that under ¶ 6 of the consent judgment, FWS was required to complete the consultation process by July 7, 2005. Mountain Watch asserts, however, that despite its efforts beginning in June 2005 and continuing to January 2006, FWS refused to fulfill its obligations under both the consent judgment and the ESA.

Mountain Watch contends that its post-judgment monitoring included its June 13, 2005 letter to FWS; its July 6, 2005 meeting with FWS; its numerous telephone calls to FWS regarding compliance with the consent judgment; and its January 31, 2006, letter to FWS. Mountain Watch asserts that this work was necessary to secure FWS' completion of the reinitiated consultation and issuance of the biological opinion, and that it is therefore entitled to recover attorney's fees under 16 U.S.C. § 1540(g)(4) because it was a catalyst in achieving FWS' compliance with the consent judgment.

The court finds that Mountain Watch has not shown an entitlement to attorney's fees because it has not established that it performed work necessary to the monitoring or enforcement of the consent judgment. Contrary to the position advanced by Mountain Watch in its previous motion to enforce the consent judgment and in its papers in support of the present motion, the consent judgment did not require FWS to complete the

4

consultation by July 7, 2006. There was, as FWS points out, no deadline specified. Thus, Mountain Watch cannot establish that FWS was in violation of the consent judgment as of the time Mountain Watch filed its motion to enforce the consent judgment.

Paragraph 6 of the consent judgment, on which Mountain Watch relies, imposed certain obligations on Mountain Watch. Among other things, Mountain Watch agreed not to "file" any "challenge" under ESA § 7(a)(2) or § 10 against FWS for at least 30 months. Mountain Watch reserved the right to enforce the consent judgment "by filing a separate lawsuit." Paragraph 6 did not impose a 30-month deadline on FWS for completion of the consultation, and, while it referenced Mountain Watch's reservation of right to seek enforcement of the consent judgment, it provided that such enforcement should be sought in a separate lawsuit.

In its reply, Mountain Watch argues that "[r]egardless of whether or not the [c]onsent [j]udgment established a deadline for the completion of consultation," FWS had not complied with the terms of the consent judgment as of the time Mountain Watch filed its motion to enforce the consent judgment because FWS had not addressed the six factors it was required to address through consultation. Mountain Watch asserts that because FWS had not completed consultation on some of those factors, Mountain Watch's filing of its motion served as a catalyst to the achievement of complete relief because, presumably, the consultation would otherwise never have been completed.

The court finds this argument to be without merit. Mountain Watch offers no support for its claim that FWS had not addressed the six factors, and the evidence shows that the consultation was underway when Mountain Watch filed its motion. Moreover, the motion was not the catalyst for the agency action. Rather, the catalyst was the filing of the original lawsuit, which was resolved by the parties' settlement and the entry of the consent judgment. Pursuant to the terms of the consent judgment, Mountain Watch received $130,000 in attorney's fees for its work in bringing the action for the reinitiated consultation on the San Bruno Mountain HCP and ITP. The fact that the consultation extended beyond the entry of the consent judgment does not entitle Mountain Watch's counsel to seek

additional fees, particularly where the consent judgment set no deadline for completion of the consultation.

## CONCLUSION

In accordance with the foregoing, the court finds that the Mountain Watch's motion must be DENIED.

**IT IS SO ORDERED.**

Dated: May 4, 2007

_____
PHYLLIS J. HAMILTON
United States District Judge